O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. SACV15-00623 (VEB)

TERRIE LYNN WILCUTT,

               Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In December of 2011, Plaintiff Terrie Lynn Wilcutt applied for disability insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, Law Offices of Lawrence D. Rohlfing, Cyrus Safa, Esq. of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On April 4, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on December 12, 2011, alleging disability beginning November 27, 2011, due to various impairments. (T at 16, 147-53).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On May 16, 2013, a hearing was held before ALJ Keith Dietterle. (T at 40). Plaintiff appeared with her attorney and testified. (T at 44-57).   The ALJ also received testimony from Dr. Gerald Weingarten, a medical expert (T at 57-59), and Alan Ey, a vocational expert (T at 59-61).

On June 11, 2013, the ALJ issued a written decision denying the application for benefits.  (T at 22-36).  The ALJ's decision became the Commissioner's final

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

decision on February 13, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 7-13).

On April 20, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 9, 2015. (Docket No. 14). Plaintiff filed a supporting memorandum of law on December 8, 2015. (Docket No. 19). The Commissioner filed an opposition memorandum on February 4, 2016. (Docket No. 22). Plaintiff submitted a reply memorandum on February 19, 2016. (Docket No. 23).

After reviewing the pleadings, the memoranda of law, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1   months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

2   claimant shall be determined to be under a disability only if any impairments are of

3   such severity that he or she is not only unable to do previous work but cannot,

4   considering his or her age, education and work experiences, engage in any other

5   substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

6   1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

7   vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

8   The Commissioner has established a five-step sequential evaluation process

9   for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

10  one determines if the person is engaged in substantial gainful activities. If so,

11  benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

12  decision maker proceeds to step two, which determines whether the claimant has a

13  medially severe impairment or combination of impairments. 20 C.F.R. §§

14  404.1520(a)(4)(ii), 416.920(a)(4)(ii).

15  If the claimant does not have a severe impairment or combination of

16  impairments, the disability claim is denied. If the impairment is severe, the

17  evaluation proceeds to the third step, which compares the claimant's impairment(s)

18  with a number of listed impairments acknowledged by the Commissioner to be so

19  severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

1  activity and (2)  a "significant number of jobs exist in the national economy" that the

2  claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

3  **B.    Standard of Review**

4         Congress has provided a limited scope of judicial review of a Commissioner's

5  decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

6  made through an ALJ, when the determination is not based on legal error and is

7  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

8  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

9         "The [Commissioner's] determination that a plaintiff is not disabled will be

10  upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

11  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

12  evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

13  n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

14  599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

15  reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

16  *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

17  conclusions as the [Commissioner]  may reasonably draw from the evidence" will

18  also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

19  the Court considers the record as a whole, not just the evidence supporting the

20

decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 27, 2011 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2013 (the date last insured). (T at 27). The ALJ found that Plaintiff's lumbar spine degenerative disc

disease; cervical spine scoliosis; left shoulder adhesive capsulitis, arthritis; hand pain; and diabetes mellitus were "severe" impairments under the Act. (Tr. 27).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 27).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), as follows: she can sit for 6 hours in an 8-hour workday; stand/walk for 6 hours in an 8-hour workday; lift/carry 20 pounds occasionally and 10 pounds frequently; occasionally climb stairs, stoop, kneel, crouch or crawl; perform gross and fine manipulation with her bilateral hands; occasionally reach overhead bilaterally; no concentrated exposure to unprotected heights and no exposure to dangerous or fast moving machinery; no concentrated exposure to temperature extremes. (T at 28).

The ALJ found that Plaintiff could not perform her past relevant work. (T at 31).  Considering Plaintiff's age (50 years old on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 31).

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 27, 2011 (the alleged onset date) and June 11, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 32). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 7-13).

**D.     Disputed Issues**

Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she contends that the ALJ did not properly assess the medical opinion evidence.  Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

## IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they

can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

### 1.     Dr. Losco

Dr. Judy Losco, Plaintiff's treating physician, completed a physical medical source statement dated January 25, 2012.  Dr. Losco diagnosed Plaintiff with arthritis, capsulitis of the left shoulder, L5-spine degenerative disc disease, neck

1  pain, joint pain, back pain, and wrist pain. (T at 491).  She characterized Plaintiff's

2  prognosis as "fair." (T at 491).

3       Dr. Losco opined that Plaintiff was limited to sitting 0-2 hours in an 8-hour

4  workday, standing/walking 1 hours in an 8-hour days, rarely lifting less than 10

5  pounds (and never more than that), rarely pushing or pulling, rarely climbing stairs

6  (and never climbing ramps, ladders, ropes, or scaffolds), never climbing, never

7  crouching, and rarely bending/stopping, balancing or kneeling. (T at 491).  She

8  noted that Plaintiff would need to alternate between sitting and standing every 20-30

9  minutes. (T at 491).  Dr. Losco concluded that Plaintiff was limited to occasionally

10  reaching, handling, fingering, and feeling. (T at 492).

11       Dr. Losco further opined that Plaintiff would need unscheduled breaks and

12  walking breaks every twenty minutes and would take excessive restroom breaks. (T

13  at 492).  She reported that Plaintiff would likely be absent from work 3 days or more

14  per month due to her impairments and/or treatment. (T at 492).

15       The ALJ assigned "little weight" to Dr. Losco's opinion. (T at 30-31).  This

16  Court finds the ALJ's decision to discount Dr. Losco's opinion supported by

17  substantial evidence.   First, the ALJ reasonably concluded that the extreme

18  limitations set forth in Dr. Losco's assessment were contradicted by the treatment

19  history.  For example, Plaintiff was reported to have intact motor strength, sensation,

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

and reflexes (T at 303, 309, 327-28, 332-33, 337) and grossly normal range of motion in her hips, ankles, feet, and spine (T at 331, 333, 336-37, 349, 363).  She was able to ambulate with normal gait and without an assistive device. (T at 303, 309, 331, 333, 348-49).  Although Plaintiff did frequently complain of pain, she also occasionally denied any musculoskeletal and neurologic symptoms. (T at 496, 500, 503).  The record contains notes of normal neck, musculoskeletal, and neurological examinations. (T at 497, 500-01, 503-04).   The ALJ reasonably relied on this discrepancy in deciding to discount Dr. Losco's opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

In addition, the ALJ cited diagnostic testing, which was inconsistent with the severe limitations.  A lumbar spine MRI indicated mild lower lumbar spine facet anthropathy (*i.e.* joint inflammation), but without disc herniation or nerve root impingement. (T at 407, 421, 439, 534).  A thoracic spine MRI was normal. (T at 408, 421, 535).  In a February 2012 treatment note, Dr. Losco reported that an orthopedic specialist had reviewed Plaintiff's MRI and determined that an orthopedic appointment was not necessary. (T at 383).

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

The ALJ also noted Plaintiff's conservative treatment history, which did not include treatment with a specialist, strong pain medications, pain injections, or surgery. (T at 29).  A conservative treatment history is a specific and legitimate reason to reject an opinion that the impairment is disabling. *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995).

As discussed further below, three non-examining physicians (Dr. Scott, Dr. Garcia, and Dr. Weingarten) reviewed the record and concluded it did not support the significant limitations assessed by Dr. Losco.  These assessments, combined with the contradictions between the medical record and Dr. Losco's opinion, as outlined by the ALJ and discussed above, provide substantial evidence sufficient to support the ALJ's decision. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Losco's opinion.  However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the evidence supports more than one rational interpretation, this Court may not

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1   substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577,

2   579 (9th 1984). If there is substantial evidence to support the administrative

3   findings, or if there is conflicting evidence that will support a finding of either

4   disability or nondisability, the Commissioner's finding is conclusive. *Sprague v.*

5   *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision to

6   discount Dr. Losco's opinion was supported by substantial evidence and must

7   therefore be sustained.   *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

8   1999)(holding that if evidence reasonably supports the Commissioner's decision, the

9   reviewing court must uphold the decision and may not substitute its own judgment).

10          **2.       Non-Examining Review Physicians**

11          In March of 2012, Dr. C. Scott, a non-examining State Agency review

12   consultant, opined that Plaintiff could occasionally lift/carry 20 pounds, frequently

13   lift/carry 10 pounds; stand/walk for about 6 hours in an 8-hour workday; sit for a

14   total of about 6 hours in an 8-hour workday; and push/pull without limitation. (T at

15   71).   Dr. Scott concluded that Plaintiff could occasionally climb ramps/stairs,

16   balance, stoop, kneel, crouch, and crawl, but could never climb ladders, ropes, or

17   scaffolds. (T at 71-72).  Dr. Scott found that Plaintiff was limited to occasional left

18   overhead reaching and occasional handling and fingering. (T at 72).

19

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1    In August of 2012, Dr. S. Garcia, a non-examining State Agency review

2  consultant, rendered a residual functional capacity assessment, which mirrored Dr.

3  Scott's findings, except that Dr. Garcia only limited Plaintiff to frequent handling

4  and fingering (Dr. Scott found Plaintiff limited to occasional handling and

5  fingering). (T at 82-83).

6    Dr. Gerald Weingarten testified as a medical expert at the administrative

7  hearing.  His review of the record indicated that Plaintiff suffered from back pain,

8  occasional shoulder and neck pain, and diabetes (under control). (T at 58).  He did

9  not believe the impairments, singly or in combination, met one of the Listings. (T at

10  58).  According to Dr. Weingarten, Plaintiff retained the RFC to occasionally

11  lift/carry 35 pounds, frequently lift/carry 15 pounds, stand/walk for about 6 hours in

12  an 8-hour workday, sit for about 6 hours in an 8-hour workday, and push/pull in

13  unlimited amounts. (T at 58).  He concluded that Plaintiff had no manipulative

14  limitations. (T at 58-59).

15    Plaintiff argues that the ALJ erred because he found that Plaintiff could

16  perform frequent gross and fine manipulation with her hands, but did not explicitly

17  address Dr. Scott's conclusion that Plaintiff was limited to occasional handling and

18  fingering.  This Court finds no error with regard to this aspect of the ALJ's decision.

19  The ALJ specifically referenced Dr. Scott's finding with respect to Plaintiff's

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1  manipulation limitations and, thus, there is good reason to believe he considered it

2  when formulating the RFC determination, even if he opted not to fully credit that

3  particular aspect of the review physician's opinion.

4       Moreover, even assuming *arguendo*, some error in the ALJ's failure to

5  explain why he did not fully accept this one aspect of the review physician's

6  opinion, substantial evidence exists to support the ALJ's finding that Plaintiff could

7  frequently perform gross and fine motor manipulation.  Thus, any such error was

8  harmless.   For example, although Plaintiff certainly reported hand swelling and

9  pain, she did not take prescription analgesic medication and no invasive treatment

10 was recommended or performed.  Dr. Garcia found that Plaintiff could perform

11 frequent handling and fingering. (T at 83).  Dr. Weingarten concluded that Plaintiff

12 had no manipulative limitations. (T at 58-59).[2]  This Court finds no reversible error

13 as to this aspect of the ALJ's decision.

14      Plaintiff also argues that a consultative examination should have been ordered.

15 There is no question that "the ALJ has a duty to assist in developing the record."

16 *Armstrong v. Commissioner of Soc. Sec. Admin*., 160 F.3d 587, 589 (9th Cir. 1998);

17 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L.

18 ――――――――――
[2] Although the ALJ did not accept this aspect of Dr. Weingarten's opinion in its entirely (the ALJ found some
19 manipulative limitation) (T at 30), the opinion provides support for the conclusion that Plaintiff is not limited to the
degree Dr. Scott found.

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1    Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial

2    rather than adversarial. It is the ALJ's duty to investigate the facts and develop the

3    arguments both for and against granting benefits . . . .").  One of the tools the ALJ

4    has to develop the record is the ability to order a consultative examination, *i.e.*, "a

5    physical or mental examination or test purchased for [a claimant] at [the

6    Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919.

7         However,"[a]n ALJ's duty to develop the record further is triggered only when

8    there is ambiguous evidence or when the record is inadequate to allow for proper

9    evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

10   2001).  Here, the record includes extensive treatment notes, an opinion from the

11   treating physician, two assessments from State Agency review consultants, and the

12   testimony of a medical expert.  In addition, the ALJ had the benefit of reviewing

13   medical reviews and opinions from a prior application for benefits, which included

14   assessments from a treating physician (Dr. Marlowe), a State Agency doctor (Dr.

15   Schwartz), and two consultative examiners (Dr. Santiago and Dr. Gonzalez). (T at

16   58, 84, 334-39, 346-51).  In light of the foregoing, this Court finds that the ALJ was

17   not obliged to order an additional consultative examination.

18

19

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 51 years old at the time of the administrative hearing.  She completed high school.  She last worked in May of 2008 as a meat slicer in a deli. (T at 44). She stopped working because of an issue

regarding the payment of union dues. (T at 46).   She can lift/carry 5-10 pounds. Low back pain radiates down her right leg to her toes, causing numbness and tingling.  The pain happens daily and is a 9 out of 10. (T at 48).  She treats the pain with 8-12 tablets of Tylenol per day, although her doctor does not know she is taking that much Tylenol. (T at 49).  She treats with Dr. Losco every three months. (T at 49-50).  Her diabetes is under control. (T at 50).  Her hands "cramp up." (T at 50). She can hold a pencil, but cannot write, cannot open jars, and has limitations with regard to pushing buttons, opening handles, and manipulating objects. (T at 51).  She uses gel on her wrist to relieve the symptoms, which helps somewhat. (T at 52).  She has not had surgery on her hands or back and no surgeon has recommended those interventions. (T at 52).

In terms of household chores, she does some dusting, dishes, laundry, and cooking, with help. (T at 53).  She has difficulty with stairs, but can attend to her self-care needs. (T at 54).  Prolonged sitting is difficult. (T at 54).  She has problems sleeping, which causes fatigue. (T at 55).   She believes she could use a computer mouse of keyboard for about 20 minutes before her hands would begin to cramp up. (T at 57).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 28).

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence. First, the ALJ reasonably concluded that Plaintiff's complaints were not supported by the objective medical evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

As discussed above, Plaintiff was reported to have intact motor strength, sensation, and reflexes (T at 303, 309, 327-28, 332-33, 337) and grossly normal range of motion in her hips, ankles, feet, and spine (T at 331, 333, 336-37, 349, 363). Although she frequently complained of pain, Plaintiff also occasionally denied any musculoskeletal and neurologic symptoms. (T at 496, 500, 503). The record contains notes of normal neck, musculoskeletal, and neurological examinations. (T at 497, 500-01, 503-04). A lumbar spine MRI indicated mild lower lumbar spine

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

facet anthropathy (*i.e.* joint inflammation), but without disc herniation or nerve root impingement. (T at 407, 421, 439, 534).  A thoracic spine MRI was normal. (T at 408, 421, 535).  An orthopedic specialist reviewed Plaintiff's MRI and determined that an orthopedic appointment was not necessary. (T at 383).  Three review physicians (Dr. Scott, Dr. Garcia, and Dr. Weingarten) reviewed the record and rendered findings generally inconsistent with Plaintiff's claims of disabling limitations. (T at 58, 71-72, 82-83).

In addition, Plaintiff stopped working because of an issue regarding the payment of union dues. (T at 46). The fact that a claimant stopped working for reasons other than the alleged impairments is a valid reason for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The ALJ acted with his discretion in characterizing Plaintiff's treatment history as conservative, given that it did not include treatment with a specialist, strong pain medications, pain injections, or surgery. (T at 29). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Lastly, the ALJ found a contradiction between Plaintiff's activities of daily living, which included crocheting, dusting, washing dishes, doing laundry, cooking, and using public transportation. (T at 23-24, 28-29).  When assessing a claimant's

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

1  credibility, the ALJ may employ "ordinary techniques of credibility evaluation."

2  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting

3  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a

4  relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*,

5  261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate

6  in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th

7  Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her

8  activities of daily living "contradict claims of a totally debilitating impairment."

9  *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011)

10      This Court finds no error in the ALJ's credibility assessment.  Plaintiff offers

11  alternative interpretations of the evidence, arguing that the ALJ should have given

12  greater weight to evidence that tended to support her claims.  However, where, as

13  here, substantial evidence supports the ALJ's credibility determination, this Court

14  may not overrule the Commissioner's interpretation even if "the evidence is

15  susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750

16  (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir.

17  1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are

18  functions solely of the [Commissioner].").

19

20

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order and serve copies upon counsel for the parties.

DATED this 26th day of April, 2016.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – WILCUTT v COLVIN 15-CV-00623-VEB